**RECEIVED**

SEP **1 8** 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rebekah H. Miller<br>c/o 77 Mulberry Court<br>Arden, North Carolina[PZ 28704]<br><br>vs,<br><br>UNITED STATES | **AMENDED** CASE NO. **1:06CV01525 RMU**<br><br>(PLAINTIFF DEMANDS A TRIAL BY<br>JURY OF ALL ISSUES SO TRIABLE) |

COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Rebekah H. Miller, Plaintiff herein, complain of defendants and seek statutory and/or actual and punitive damages, and pursuant to her right under Fed. R. Civ. P. Rule 15, hereby amends her complaint as follows, and for her cause of action, avers:

I

INTRODUCTION

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by Defendant's agents, Peter S. Lane, K. L. Blunt, and other unknown agents (hereinafter: agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

II

**FACTS**

3. Plaintiff, Rebekah H. Miller at all times material hereto lived in North Carolina.

4. Plaintiff is the subject of ongoing purported collection action being conducted by the aforementioned agents of the Internal Revenue Service, in the absence of record evidence of existing assessments.

5. On or about April 20th, 2004, the aforementioned agents caused to be recorded into the Judgment Book, which is Public Record, at the Superior Court for Buncombe, County, North Carolina, a purported Notice of Tax Lien (a copy of which is affixed hereto. Identifying information has been excised), in amounts for which defendant has been unable to produce evidence of lawful assessment.

6. The subject purported Notice of Tax Lien entered into the Public Record contains multiple wrongful disclosures of "return information" as defined in law. SEE: ¶ 15, below.

7. The wrongful disclosures of Plaintiff's return information have caused Plaintiff substantial mental and emotional distress.

8. The wrongful disclosures of Plaintiffs' return information has subjected Plaintiff to the real possibility of identity theft.

9. It was not necessary for the aforementioned agents to place on the purported Notice of Tax Lien Plaintiff's confidential tax return information which subjects Plaintiff to the possibility of identity theft.

10. The wrongful disclosures by Agents Peter S. Lane and K. L. Blunt were not in good faith or there existed no good faith in disclosure of confidential return information.

11. Reasonable Internal Revenue Agents can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

12. The aforesaid agents did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the purported notices.

13. On information and belief, the agents involved in this case have all received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

III

LEGAL AUTHORITY

14. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

15. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosure of the return information contained in the aforementioned Notice of Lien. "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

16. "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

> The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

17. The disclosures described above were intentional, negligent, and/or grossly negligent disclosures of "return information" in violation of Section 6103 and for which Plaintiff is entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

18. Internal Revenue Code section 7431 authorizes damages:

   > ...in an amount equal to the sum of—
   > (1) the greater of—
   >    (A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
   >    (B) the sum of—
   >       (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus
   >       (ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus
   > (2) the costs of the action, plus
   > (3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

19   The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agents and the other agents involved herein has caused Plaintiff substantial personal embarrassment, loss of good will, and loss in credit. Plaintiff has sustained actual damages totaling $65,000.00

20. The intentionally and/or grossly negligent unlawful disclosures by Peter S. Lane, K. L. Blunt, and the other agents involved herein entitles Plaintiff to punitive damages the extent of which at this time cannot be accurately ascertained but which will be more fully known after the completion of discovery.

21. Based on the unlawful disclosures Plaintiff is entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, Plaintiff requests after trial of this case that judgment be entered in her favor against the United States for the recovery of actual damages in the amount of $65,000.00, punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which Plaintiff is entitled.

Dated September 14, 2006

_____
Rebekah H. Miller

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of North Carolina, personally appeared, Rebekah H. Miller, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same as her free act and deed.

Notary, State of North Carolina: Nancy Coppenbarger

My Commission expires: July 31, 2010

Seal: [Notary Public Seal - Nancy Coppenbarger, Buncombe County, N.C., Comm. Exp. July 31, 2010]

Form 653 (Y)(c)
Rev. February 2004

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

04-22-22

| Area: | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| WAGE & INVESTMENT AREA #0 Lien Unit Phone: (800) 829-7650 | 169639704 | FILED 04 APR 23 AM 11:09 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer ▓▓▓▓▓▓▓▓▓▓▓▓

Residence ▓▓▓▓▓▓▓▓▓▓▓▓

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | ▓▓▓▓ | 07/07/2003 | 08/06/2013 | ▓▓▓ |
| 1040 | 12/31/2000 | ▓▓▓▓ | 02/10/2003 | 03/12/2013 | |
| 1040 | 12/31/2001 | ▓▓▓▓ | 11/02/2003 | 12/02/2013 | |
| 6702 | 12/31/1999 | ▓▓▓▓ | 03/18/2002 | 04/17/2012 | |
| 6702 | 12/31/2000 | ▓▓▓▓ | 04/15/2002 | 05/15/2012 | |
| 6702 | 12/31/2001 | ▓▓▓▓ | 02/03/2003 | 03/05/2013 | |

Place of Filing

CLERK OF SUPERIOR COURT
BUNCOMBE COUNTY
ASHEVILLE, NC 28801-3519

Total $ 43753.80

This notice was prepared and signed at ____BALTIMORE, MD____, on this,

the __20th__ day of __April__, __2004__.

Signature: K. L. Blint
for P S LANE

Title ACS
(800) 829-7650

12-00-0000

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0  3/98   (JOHNSON ERIC.PFD/34128.001/8)

| D. NAME AND ADDRESS OF BUYER | E. NAME AND ADDRESS OF SELLER | F. NAME AND ADDRESS OF LENDER |
|---|---|---|
| Eric S. Johnson | Rebekah H. Miller<br>PO Box 1781<br>Asheville, NC 28802 | |

| G. PROPERTY LOCATION<br>704 Abbey Circle<br>Asheville, NC 28805<br>Buncombe County, North Carolina | H. SETTLEMENT AGENT  56-1476351<br>Roberts & Stevens, PA<br><br>PLACE OF SETTLEMENT<br>1100 BB&T Building<br>Asheville, NC  28801 | I. SETTLEMENT DATE<br><br>May 10, 2004 |

| J. SUMMARY OF BUYER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BUYER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract Sales Price | 100,000.00 | 401. Contract Sales Price | 100,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Buyer (Line 1400) | 1,188.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/town taxes       to | | 406. City/town taxes       to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments   05/10/04 to 06/01/04 | 95.10 | 408. Assessments   05/10/04 to 06/01/04 | 95.10 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BUYER | 101,283.10 | 420. GROSS AMOUNT DUE TO SELLER | 100,095.10 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BUYER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 6,675.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. (Deposit disb. as proceeds) | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/town taxes       to | | 510. City/town taxes       to | |
| 211. County taxes   01/01/04 to 05/10/04 | 346.10 | 511. County taxes   01/01/04 to 05/10/04 | 346.10 |
| 212. Assessments           to | | 512. Assessments           to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. IRS Lien Escrow to R&S Trust Account | 55,000.00 |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BUYER | 1,346.10 | 520. TOTAL REDUCT. AMT DUE SELLER | 62,021.10 |
| 300. CASH AT SETTLEMENT FROM/TO BUYER: | | 600. CASH AT SETTLEMENT TO/FROM SELLER: | |
| 301. Gross Amount Due From Buyer (Line 120) | 101,283.10 | 601. Gross Amount Due To Seller (Line 420) | 100,095.10 |
| 302. Less Amount Paid By/For Buyer (Line 220) | ( 1,346.10) | 602. Less Reductions Due Seller (Line 520) | ( 62,021.10) |
| 303. CASH ( X FROM) ( TO) BUYER | 99,937.00 | 603. CASH ( X TO) ( FROM) SELLER | 38,074.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Buyer  *Eric S. Johnson* (signed)        Seller  *Rebekah H. Miller* (signed)

Eric S. Johnson                                  Rebekah H. Miller

−250.00
37,824.00

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE                                    EXTENDED ESCROW AGREEMENT

This Escrow Agreement, made and entered into this 11th day of November, 2005, by and between **Rebekah H. Miller,** hereinafter referred to as Seller, and **Marc Rudow**, hereinafter referred to as the Escrow Agent.

The Seller hereby specifically acknowledges that the Escrow Agent is the attorney for Eric S. Johnson, hereinafter referred to as Buyer.

In addition to the $55,000 withheld from her net proceeds of the sale of 704 Abbey Circle, Asheville, NC 28805 and the $5,000 paid to Escrow Agent on April 29, 2005, Seller hereby deposits an additional $5,000 for the IRS lien interest and penalties plus pays $500 as attorney fees.

Escrow Agent shall hold the $65,000 in the Trust Account of Roberts & Stevens, PA for the benefit of the Buyer and Seller until the Notice of Federal Tax Lien in the amount of $43,753.80 filed by the Internal Revenue Service, copy attached, has been released. If Seller should fail to obtain the release of this Lien prior to November 1, 2006, such escrow funds shall be paid by the Escrow Agent to the Internal Revenue Service on November 2, 2006, to fully satisfy said Lien with any excess being refunded to Seller. In the event the Internal Revenue Service shall initiate an enforcement procedure at any time prior to November 1, 2006, Escrow Agent shall pay the Lien in full and obtain a Release with any excess funds after expenses being refunded to the Seller. Any additional fees incurred by Escrow Agent as a result of the Internal Revenue Service enforcement shall also be deducted from said excess funds. No further extensions shall be granted and Seller authorizes the disbursement of these funds as outlined herein on November 2, 2006.

The Seller hereby releases the Escrow Agent from any and all liability which the Escrow Agent may incur to Seller by reason of payment of funds to the Internal Revenue Service.

It is the responsibility of Seller to obtain a release from the Internal Revenue Service and to provide a copy of the release after it has been filed with the Buncombe County Clerk's Office. Upon receipt of said release, the Escrow Agent shall pay the escrow funds to the Seller. Upon delivery of said release and payment of funds to Seller, the Escrow Agent shall be discharged and released of any and all obligations arising by reason of this Agreement.

**In Witness Whereof**, the undersigned has set her hand and seal the day and year first above written.

_Rebekah H. Miller_____(SEAL)
Rebekah H. Miller

The Extended Escrow Agreement set forth above is hereby accepted.

_____(SEAL)
Marc Rudow, Escrow Agent

| Form 8519 (Rev. January 2001) | | Department of the Treasury-Internal Revenue Service Taxpayer's Copy of Notice of Levy | | | |
|---|---|---|---|---|---|

DATE: 10/20/2005

REPLY TO:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE    1-800-829-7650
WI

SEQNUM  00065

TO:

P

BANK OF AMERICA
LEVIES AND ATTACHMENTS #20476
P.O. BOX 54660
LOS ANGELES, CA      90054

REBEKAH H MILLER
PO BOX 1781
ASHEVILLE NC 28802-1781814

IDENTIFYING NUMBER(S):  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
MILL  E   00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12-31-1999 | $ 506.00 | $ 105.99 | $ 611.99 |
| CIVPEN | 12-31-2000 | $ 500.00 | $ 102.69 | $ 602.69 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟶

Total Amount Due ▶    $  1,214.68

We figured the interest and late payment penalty to    11-17-2005

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order ) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative    *[signature]*

Title    **Operations Manager, Collection**

FORM 8519 (Rev. 01-01)  63518R

Excerpts from the Internal Revenue Code

* * * * * * * * * *

**SEC. 6331. LEVY AND DISTRAINT.**

(b) Seizure and Sale of Property -- The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)

(c) Successive Seizures -- Whenever any property or rights to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may thereafter, and as often as may be necessary, proceed to levy in the like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**SEC. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.**

(a) Requirement -- Except as otherwise provided in subsections (b) and (c), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special Rule for Life Insurance and Endowment Contracts

(1) In general -- A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy -- Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice of knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings -- The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks -- Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy

(1) Extent of personal liability -- Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation -- In addition to the personal liability imposed by paragraph (1) if any person required to surrender property or rights to property fails or refuses to surrender such property without reasonable cause, such person shall be liable to a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy -- Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property, arising from such surrender or payment.

**SEC. 6333. PRODUCTION OF BOOKS.**

If a levy has been made or is about to be made on any property or right to property, any person having custody or control of any books or records containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

**SEC. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**

(a) Release of Levy and Notice of Release --

(1) In general -- Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if--
(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time.
(B) release of such levy will facilitate the collection of such liability.
(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise.
(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property -- In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy -- The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property -- If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return --
(1) The specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES -- IF --
(1) any property has been levied upon, and
(2) the Secretary determines that --
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the Taxpayer Advocate) and the United States
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed.

* * * * * * * *

Applicable Sections of Internal Revenue Code

| | |
|---|---|
| 6321. | LIEN FOR TAXES. |
| 6322. | PERIOD OF LIEN. |
| 6325. | RELEASE OF LIEN OR DISCHARGE OF PROPERTY. |
| 6331. | LEVY AND DISTRAINT. |
| 6332. | SURRENDER OF PROPERTY SUBJECT TO LEVY. |
| 6333. | PRODUCTION OF BOOKS. |
| 6334. | PROPERTY EXEMPT FROM LEVY. |
| 6343. | AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY. |
| 7426. | CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS. |
| 7429. | REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES. |

For more information about this notice please call the phone number on the front of this form.

## CERTIFICATE OF SERVICE

I certify that I have served a true and complete copy of the foregoing Amended Complaint upon each of the following:

Civil Process Clerk
Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001,

and,

Civil Process Clerk
Alberto Gonzales
United States Attorney General
950 Pennsylvania Avenue
Washington, District of Columbia 20530,

by U.S. Mail, on September 14, 2006

_____
Rebekah H. Miller