IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REBEKAH H. MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-01525 RMU |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action.  As grounds for this motion, the United States asserts that Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE:  November 6, 2006

                                            Respectfully submitted,

                                            /s/ Nicole M. Stoduto
                                            NICOLE M. STODUTO
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            Post Office Box 227
                                            Washington, D.C.  20044
                                            Phone/Fax:  (202) 616-9785/514-6866
                                            Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2008303.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBEKAH H. MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-01525 RMU |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service (Service). Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433 provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Can Plaintiff recover under 26 U.S.C. § 7431 when the unauthorized disclosure claims relate to a notice of federal tax lien?

An action under 26 U.S.C. § 7431 must be brought within two years after the date of discovery of unauthorized disclosure. 26 U.S.C. § 7431(d). Where Plaintiff signed a settlement statement on May 10, 2004 for the sale of real property against which the lien

had been filed, and which noted Plaintiff's outstanding lien, should Plaintiff's claim be barred by the statute of limitations?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions of section 6103 the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens. 26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 in filing a notice of federal tax lien?

STATEMENT OF FACTS

1. <u>Introduction</u>

On August 28, 2006, Plaintiff, acting *pro se*, filed a complaint in the above captioned matter. On September 18, 2006, Plaintiff filed an amended complaint. Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint. (Am. Compl. ¶ 1.)

2. <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiff argues that she is the subject of ongoing collection action by the Service and that on April 20, 2004, Service agents caused a notice of federal tax lien to be recorded in the Judgement Book at the Superior Court for Buncombe County, North Carolina. (<u>Id.</u> ¶¶ 4, 5.) Plaintiff alleges that the notice of federal tax lien wrongfully discloses tax return information and that such disclosures have caused Plaintiff substantial mental and emotional distress, as well as subjected her to the possibility of identity theft. (<u>Id.</u> ¶¶ 6, 7, 8.)

Plaintiff bases her action in 26 U.S.C. § 7431 which she maintains provides

taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. ¶ 14.)

Attached to Plaintiff's amended complaint is a notice of federal tax lien, prepared and signed on April 20, 2004, and filed with the Clerk of Superior Court, Buncombe County, Asheville, North Carolina.  (Id. ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiff has at least $43,753 in unpaid tax liabilities for the years 1999-2001.  (Id.)  The notice of federal tax lien identifies Plaintiff by name, address, and identifying number.  (Id.)  Additionally, Plaintiff attached a settlement statement dated May 10, 2004, for the sale of real property upon which the lien had attached. (Id.)

In her amended complaint, Plaintiff also attached taxpayer's copy of a notice of levy.  (Id., Attachment.)  Plaintiff does not allege that this notice of levy constitutes an unauthorized disclosure nor does her complaint address this notice.

    3. <u>The pending action under section 7433</u>

Plaintiff has previously filed a complaint against the United States under the authority of 26 U.S.C. § 7433 (hereinafter Plaintiff's Section 7433 complaint).  Complaint, <u>Rebekah H. Miller v. United States</u>, No. 1:06-cv-01250 (D.D.C. filed July 10, 2006). Plaintiff's Section 7433 complaint alleged a variety of forms of misconduct by the Service including wrongful disclosure of tax return information.  (Id.)  In that complaint, Plaintiff acknowledged that 26 U.S.C. § 7433 is Plaintiff's exclusive remedy. (Id. at 3.)  That action is currently pending.

ARGUMENT

**I.      Standard of Review**

When determining whether a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Role Models America, Inc. v. Harvey, 2006 WL 2793178, *3 (D.D.C. Sept. 28, 2006), citing Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States,  2006 WL 2708682, *2  (D.D.C. Sept. 20, 2006), citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n. 3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## II. Section 7433 is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433 (a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages</u> resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" in the course of federal tax collection. Congress provided only one exception to section 7433's exclusivity: section 7432.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception,

along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity.  Shwarz v. United States, 234 F.2d 428, 433 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  See also Elias v. United States, 1990 WL 264722, *9 n.7 (C.D. Cal. Dec.

21, 1990)(noting that given the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities. In fact, Plaintiff acknowledged this in her previous section 7433 complaint. Complaint, Rebekah H. Miller v. United States, No. 1:06-cv-01250, 3 (D.D.C. filed July 10, 2006). Plaintiff's unauthorized disclosure claims relate to notices of federal tax liens filed with the Superior Court of Buncombe County. Accordingly, Plaintiff's unauthorized disclosure claims relate to the Service's collection activities. See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed. To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III. Plaintiff's Claim Is Barred by the Statute of Limitations

Section 7433(d)(3) provides a two-year statute of limitations for claims of wrongful collection. All such claims must be brought within two years after the date the right of action accrued. Ibid.; Gandy Nursery, Inc. v. United States, 412 F.3d 602,

603n.3 (5th Cir. 2005); Dziura v. United States, 168 F.3d 581, 582 (1st Cir. 1999); Bright v. United States, 446 F. Supp. 2d 339, 344, 345 (E.D. Pa. 2006).[1]  If a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to timely file suit deprives the court of jurisdiction.  Gandy v. United States, 234 F.3d at 283.

    Plaintiff's complaint is based exclusively on the alleged disclosure made in the April 20, 2004 notice of federal tax lien filed with the Superior Court in Buncombe County, North Carolina.  While her complaint fails to allege when she learned of the disclosure, Plaintiff attached a settlement statement dated May 10, 2004 for the sale of real property against which the lien had been filed. (Am. Compl., Attachment.)  This settlement statement bears Plaintiff's signature and notes, on line 518, the federal tax lien at issue.  (Id.)

    Therefore, assuming arguendo, that Plaintiff was unaware of the filing of the notice of federal tax lien on April 20, 2004, it is abundantly clear that when she signed the settlement agreement on May 10, 2004, noting the amount of the federal tax lien, she had actual knowledge of the existence of the lien and its contents.

    Plaintiff did not file her complaint until August 28, 2006, and therefore the Court should dismiss that matter pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Section 7431(d) states that any action under this section may be brought within two years after the date of discovery by the plaintiff of the unauthorized disclosure.  26 U.S.C. 7431(d); Gandy v. United States, 234 F.3d 281, 283 (5th Cir. 2000).  Therefore, even if Plaintiff's action were proper under section 7431, the claim would be subject to an identical temporal limitation.

### IV. Plaintiff's Claim Is Barred Because the Predicates of Section 7433 Have Not Been Met

Assuming arguendo, that the instant matter is not barred by the statute of limitations and Plaintiff had properly brought her suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the predicates of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing a suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, Plaintiff makes no assertions concerning her pursuit of administrative remedies. Therefore, even if the suit is not barred by the statute of limitations, Plaintiff has not met her burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because Plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her claim and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).

### V.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiff has not proven that there has been a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103 other than in the collection process.  Section 7433 protects taxpayers from negligent or intentional violations of section 6103 in the collection process.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed.  <u>Church of Scientology of California v. Internal Revenue Service</u>, 484 U.S. 9, 10 (1987).  The Internal Revenue Code contains a number of specific exceptions to this general rule of non-disclosure.  Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any… collection activity… disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available…with respect to the enforcement of any other provisions in this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific

circumstances under which disclosures may be made pursuant to section 6103(k)(6).[2]

Section 301.6103(k)(6)-1(b) states:

> In connection with the performance of official duties relating to any… collection activity … an officer or employee of the Service … is authorized to disclose return information … in order to obtain necessary information relating to the following--
> (6) [T]o locate assets in which the taxpayer has an interest . . . [and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000).  Section 6103(k)(6) and the pertinent regulations, "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the … filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)."  Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990).  See also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office . . . places information in the liens . . . in the public domain.  Because information in the public domain is no longer confidential there can

---

[2] Because section 6103(k)(6) directs the Secretary of Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

2008303.1

be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")   The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under section 7431.

Although section 6103(k)(6) and the regulations paint broad strokes of authority, they do not allow for unbridled disclosure.  Regulation 301.6103(k)(6)-1(b) provides:

> Disclosure of return information to a person other than the taxpayer to whom such return information relates…for the purpose of otherwise accomplishing any activity described in subparagraph (6) of this paragraph should be made, however, only if…the activities described in subparagraph (6) of this paragraph cannot otherwise properly be accomplished without making such disclosure.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000).  Given that section 6323 of the Internal Revenue Code provides that a tax lien must be recorded by the Service in order to be effective against other liens, 26 U.S.C. § 6323, it follows that the filing of notices of federal tax liens is necessarily authorized under the Internal Revenue Code.  Congress would not have made an action simultaneously mandated under one section and prohibited under another.  And under section 6103, when disclosure is authorized under the Internal Revenue Code, there is no violation of that section.

In the instant case, it cannot be disputed that the notice of federal tax lien was filed in connection with the official duties of the Service in attempting to collect the Plaintiff's tax liabilities.  Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien … is to place the public on notice of the lien."  <u>William E.</u>

Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1489 (9th Cir. 1991). The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

Plaintiff's complaint asserts that the lien at issue was filed "in amounts for which defendant has been unable to produce evidence of lawful assessment." (Am. Compl. ¶ 5.) Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990). See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We … agree with … the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the . . . contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S. Dist. LEXIS 19466, at *7 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), aff'd 977

2008303.1

F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988). Therefore, Plaintiff's claim that the United States has been unable to produce evidence of a lawful assessment has no relevance to the question the alleged unauthorized disclosure under section 6103.

## CONCLUSION

Plaintiff's exclusive remedy is found in section 7433 and therefore the complaint should be dismissed. In the alternative, for all of the additional above-stated reasons, this matter should be dismissed.

Date: November 6, 2006.

Respectfully submitted,

/s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 616-9785/514-6866

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2008303.1