UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rebekah H. Miller<br>c/o 77 Mulberry Court<br>Arden, North Carolina[PZ 28704]<br><br>vs,<br><br>UNITED STATES | )<br>)<br>) CASE NO. **1:06CV01525**<br>) **SECOND AMENDED COMPLAINT**<br>) (PLAINTIFF DEMANDS A TRIAL BY<br>) JURY OF ALL ISSUES SO TRIABLE)<br>)<br>)<br>) |

**SECOND AMENDED COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431**

Rebekah H. Miller, Plaintiff herein, complain of defendant and seeks statutory and / or actual and punitive damages, and pursuant to her right under Fed. R. Civ. P. Rule 15, hereby amends her complaint as follows, and for her cause of action, avers:

I

INTRODUCTION

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and / or negligent unlawful disclosure of confidential return information by Defendant's agents, Peter S. Lane, K. L. Blunt, and other unknown agents (hereinafter: agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. '1391(e).

II

**FACTS**

3. Plaintiff, Rebekah H. Miller at all times material hereto lived in North Carolina.

4. On or about April 20th, 2004, the aforementioned agents caused to be recorded into the Judgment Book, which is Public Record, at the Superior Court for Buncombe, County, North Carolina, a purported Notice of Tax Lien, a copy of which is affixed hereto. Identifying information has been excised.

5. The subject purported Notice of Tax Lien entered into the Public Record contains multiple wrongful disclosures of "return information" as defined in law. SEE: & 15, below.

6. The wrongful disclosures of Plaintiff's return information have caused Plaintiff substantial mental and emotional distress.

7. The wrongful disclosures of Plaintiffs' return information have subjected Plaintiff to the real possibility of identity theft.

8. It was not necessary for the aforementioned agents to place on the purported Notice of Tax Lien Plaintiff's confidential tax return information which subjects Plaintiff to the possibility of identity theft.

9. The wrongful disclosures by Agents Peter S. Lane and K. L. Blunt were not in good faith and there existed no good faith in disclosure of confidential return information.

10. Reasonable Internal Revenue Agents can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

11. The aforesaid agents did not follow the dictates of IRC § 6103 or the applicable IRS manual provisions prior to recording the purported notices.

12. On information and belief, the agents involved in this case have all received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

### III

### LEGAL AUTHORITY

13. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

14. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosure of the return information contained in the aforementioned Notice of Lien. "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

15. "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

> The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

16. The disclosures described above were intentional and/or grossly negligent disclosures of "return information" in violation of Section 6103 and for which Plaintiff is entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

17. Internal Revenue Code section 7431 authorizes damages:

   >...in an amount equal to the sum of --
   >(1) the greater of --
   >   (A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
   >   (B) the sum of --
   >      (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus
   >      (ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus
   >(2) the costs of the action, plus
   >(3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

18. The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agents and the other agents involved herein has caused Plaintiff substantial personal embarrassment, loss of good will, and loss in credit. Plaintiff has sustained actual damages totaling $66,000.00

19. The intentionally and / or grossly negligent unlawful disclosures by Peter S. Lane, K.

L. Blunt, and the other agents involved herein entitles Plaintiff to punitive damages the extent of which at this time cannot be accurately ascertained but which will be more fully known after the completion of discovery.

20. Based on the unlawful disclosures Plaintiff is entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, Plaintiff requests after trial of this case that judgment be entered in her favor against the United States for the recovery of actual damages in the amount of $66,000.00, punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which Plaintiff is entitled.

Dated January 19, 2007

_____
Rebekah H. Miller

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of North Carolina, personally appeared, Rebekah H. Miller, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same as her free act and deed.

Notary, State of North Carolina: _Nancy Coppenbarger_

My Commission expires: _July 31, 2010_

| Form 668 (Y)(c) | Department of the Treasury - Internal Revenue Service | | |
|---|---|---|---|
| | **Notice of Federal Tax Lien** | | 04-22-22 |
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #3 Lien Unit Phone: (800) 829-7650 | Serial Number: 168693704 | For Optional Use by Recording Office FILED 04 APR 23 AM 11:09 | |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer: ▓▓▓▓▓▓▓▓▓▓

Residence: ▓▓▓▓▓▓▓▓▓▓

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | ▓▓▓ | 07/07/2003 | 08/06/2013 | ▓▓▓ |
| 1040 | 12/31/2000 | ▓▓▓ | 02/10/2003 | 03/12/2013 | |
| 1040 | 12/31/2001 | ▓▓▓ | 11/02/2003 | 12/02/2013 | |
| 6702 | 12/31/1999 | ▓▓▓ | 03/18/2002 | 04/17/2012 | |
| 6702 | 12/31/2000 | ▓▓▓ | 04/15/2002 | 05/15/2012 | |
| 6702 | 12/31/2001 | ▓▓▓ | 02/03/2003 | 03/05/2013 | |

Place of Filing:
CLERK OF SUPERIOR COURT
BUNCOMBE COUNTY
ASHEVILLE, NC 28801-3519

Total $ 43753.80

This notice was prepared and signed at   BALTIMORE, MD  , on this,
the   20th   day of   April  , 2004.

Signature: K. L. Blint   Title: ACS   (800) 829-7650      12-00-0000
for P S LANE

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

C. *NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.*

1.0   3/98   (JOHNSON,ERIC.PFD/34128.001/8)

| D. NAME AND ADDRESS OF BUYER | E. NAME AND ADDRESS OF SELLER | F. NAME AND ADDRESS OF LENDER |
|---|---|---|
| Eric S. Johnson | Rebekah H. Miller<br>PO Box 1781<br>Asheville, NC 28802 | |

| G. PROPERTY LOCATION | H. SETTLEMENT AGENT    56-1476351 | I. SETTLEMENT DATE |
|---|---|---|
| 704 Abbey Circle<br>Asheville, NC 28805<br>Buncombe County, North Carolina | Roberts & Stevens, PA<br><br>PLACE OF SETTLEMENT<br>1100 BB&T Building<br>Asheville, NC 28801 | May 10, 2004 |

| J. SUMMARY OF BUYER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BUYER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 100,000.00 | 401. Contract Sales Price | 100,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Buyer (Line 1400) | 1,188.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/town taxes   to | | 406. City/town taxes   to | |
| 107. County taxes   to | | 407. County taxes   to | |
| 108. Assessments   05/10/04 to 06/01/04 | 95.10 | 408. Assessments   05/10/04 to 06/01/04 | 95.10 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BUYER | 101,283.10 | 420. GROSS AMOUNT DUE TO SELLER | 100,095.10 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BUYER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 6,675.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. (Deposit disb. as proceeds) | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/town taxes   to | | 510. City/town taxes   to | |
| 211. County taxes   01/01/04 to 05/10/04 | 346.10 | 511. County taxes   01/01/04 to 05/10/04 | 346.10 |
| 212. Assessments   to | | 512. Assessments   to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. IRS Lien Escrow to R&S Trust Account | 55,000.00 |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BUYER | 1,346.10 | 520. TOTAL REDUCT. AMT DUE SELLER | 62,021.10 |
| **300. CASH AT SETTLEMENT FROM/TO BUYER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Buyer (Line 120) | 101,283.10 | 601. Gross Amount Due To Seller (Line 420) | 100,095.10 |
| 302. Less Amount Paid By/For Buyer (Line 220) | ( 1,346.10) | 602. Less Reductions Due Seller (Line 520) | ( 62,021.10) |
| 303. CASH ( X FROM ) ( TO ) BUYER | 99,937.00 | 603. CASH ( X TO ) ( FROM ) SELLER | 38,074.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Buyer _Eric S. Johnson_ (signed)

Seller _Rebekah H. Miller_ (signed)

−250.00
37,824.00

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE                                    **EXTENDED ESCROW AGREEMENT**

    This Escrow Agreement, made and entered into this 11th day of November, 2005, by and between **Rebekah H. Miller,** hereinafter referred to as Seller, and **Marc Rudow**, hereinafter referred to as the Escrow Agent.

    The Seller hereby specifically acknowledges that the Escrow Agent is the attorney for Eric S. Johnson, hereinafter referred to as Buyer.

    In addition to the $55,000 withheld from her net proceeds of the sale of 704 Abbey Circle, Asheville, NC 28805 and the $5,000 paid to Escrow Agent on April 29, 2005, Seller hereby deposits an additional $5,000 for the IRS lien interest and penalties plus pays $500 as attorney fees.

    Escrow Agent shall hold the $65,000 in the Trust Account of Roberts & Stevens, PA for the benefit of the Buyer and Seller until the Notice of Federal Tax Lien in the amount of $43,753.80 filed by the Internal Revenue Service, copy attached, has been released. If Seller should fail to obtain the release of this Lien prior to November 1, 2006, such escrow funds shall be paid by the Escrow Agent to the Internal Revenue Service on November 2, 2006, to fully satisfy said Lien with any excess being refunded to Seller. In the event the Internal Revenue Service shall initiate an enforcement procedure at any time prior to November 1, 2006, Escrow Agent shall pay the Lien in full and obtain a Release with any excess funds after expenses being refunded to the Seller. Any additional fees incurred by Escrow Agent as a result of the Internal Revenue Service enforcement shall also be deducted from said excess funds. No further extensions shall be granted and Seller authorizes the disbursement of these funds as outlined herein on November 2, 2006.

    The Seller hereby releases the Escrow Agent from any and all liability which the Escrow Agent may incur to Seller by reason of payment of funds to the Internal Revenue Service.

    It is the responsibility of Seller to obtain a release from the Internal Revenue Service and to provide a copy of the release after it has been filed with the Buncombe County Clerk's Office. Upon receipt of said release, the Escrow Agent shall pay the escrow funds to the Seller. Upon delivery of said release and payment of funds to Seller, the Escrow Agent shall be discharged and released of any and all obligations arising by reason of this Agreement.

    **In Witness Whereof**, the undersigned has set her hand and seal the day and year first above written.

                                          _/s/ Rebekah H. Miller_____(SEAL)
                                          Rebekah H. Miller

    The Extended Escrow Agreement set forth above is hereby accepted.

                                          _____(SEAL)
                                          Marc Rudow, Escrow Agent

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing Second Amended Complaint was served upon Counsel for defendant on the 19th day of January, 2007, by USPS, addressed as follows:

Nicole M. Stoduto
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C. 20044

Date: January 19th, 2007

_____
Rebekah H. Miller