THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| REBEKAH H. MILLER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1525 |
| | : | | |
| v. | : | Document Nos.: | 5, 6 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND;
GRANTING THE DEFENDANT'S MOTION TO DISMISS

**I.   INTRODUCTION**

This matter comes before the court on the plaintiff's motion for leave to amend her complaint and the defendant's motion to dismiss. The plaintiff brings suit against the federal government alleging violations of § 7431 of the U.S. tax code through the unlawful disclosure of confidential return information. Because the court lacks subject-matter jurisdiction over the plaintiff's claims, the court grants the defendant's motion to dismiss. Because granting the plaintiff an opportunity to amend her complaint is futile, the court denies the plaintiff's motion for leave to file a second amended complaint.

**II.   BACKGROUND**

On July 10, 2006, the plaintiff filed a complaint against the United States pursuant to 26 U.S.C. § 7433 claiming that the Internal Revenue Service ("IRS") wrongfully disclosed her tax return information to the public. Compl., *Miller v. United States*, No. 06-cv-01250 (D.D.C.), 6-12. On August 28, 2006, the plaintiff filed a second suit against the United States based on the

same alleged misconduct, only this time complaining that the defendant had violated 26 U.S.C. § 7431. Compl. at ¶ 1. The § 7433 and § 7431 actions proceeded in parallel until the former was dismissed for failure to state a claim on July 19, 2007.

In her remaining § 7431 suit, the plaintiff seeks damages for "substantial personal embarrassment, loss of good will, [] loss in credit . . . . and actual damages totaling $65,000." Am. Compl. at 19. The court permitted an amendment to the plaintiff's complaint on September 18, 2006 because no responsive pleadings had yet been filed. *See* FED. R. CIV. P. 15(a). On November 6, 2006, the defendant moved to dismiss the plaintiff's amended complaint for lack of subject-matter jurisdiction and for failure to state a claim. The plaintiff did not file a response, but on January 22, 2007, she filed a motion to amend her complaint again. The court now turns to the merits of the government's motion to dismiss the plaintiff's § 7431 claim and the plaintiff's motion to amend her complaint for a second time.

### III.  ANALYSIS

#### A.  Standard of Review for Dismissal Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v.*

*Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-LaRoche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds,* 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

        **B.**    **The Court Lacks Subject-Matter Jurisdiction**

The plaintiff brings the instant, surviving suit under 26 U.S.C. § 7431, which grants an actionable privacy right to any taxpayer whose tax return information is improperly disclosed by "any officer or employee of the United States, knowingly, or by reason of negligence." 26 U.S.C. § 7431. She seeks damages resulting from "substantial mental and emotional distress," allegedly

3

caused by wrongful disclosures made in bad faith by IRS agents attempting to collect back taxes from the 1999-2000 tax years. Am. Compl. at ¶¶ 3-13.

The defendant argues that as the plaintiff has already brought a suit under § 7433, she is barred from maintaining a claim under § 7431 because the former is the exclusive remedy for wrongful tax disclosures. Def.'s Mot. at 6. Although the D.C. Circuit has yet to address this question, district courts in this jurisdiction, following the Ninth Circuit, have ruled that "the exclusivity provision [of § 7433] necessarily operates as a [jurisdictional] bar [to § 7431 claims]." *Koerner v. United States*, 471 F. Supp. 2d at 127 (Huvelle, J.) (*citing Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)).

The court concurs in this judgment and need not reiterate here the full legal analysis undertaken by the other courts. Briefly, the dispositive factor underlying various courts' parallel conclusions is that § 7433 explicitly states, "[e]xcept as provided in section 7432, [section 7433] shall be the *exclusive remedy* for recovering damage." 26 U.S.C. § 7433(a) (emphasis added). Because § 7431 was added to the Internal Revenue Code six years before § 7433 – and Congress must necessarily have been aware of § 7431 when it enacted § 7433 – the court presumes that Congress intended to preclude § 7431 claims. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) (assuming that "Congress is aware of existing law when it passes legislation"); *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (reiterating that "[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there"). Accordingly, this action lies outside of the

jurisdiction of this court; therefore, the court grants the defendant's motion to dismiss.[1]

### C.    The Court Denies the Plaintiff's Motion to Amend

The plaintiff responds to the defendant's motion to dismiss by filing a motion to amend her complaint. "Whether to grant or deny leave to amend rests in the district court's sound discretion," *Nwachukwu v. Karl*, 222 F.R.D. 208, 210 (D.D.C. 2004) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court should "determine the propriety of amendment on a case by case basis, using a generous standard." *Harris v. Sec'y, Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir.1997).

In this case, the plaintiff's proposed second amended complaint, like her first amended complaint, comes to the court under 26 U.S.C. § 7431. Because the plaintiff's second amended complaint fails to establish subject-matter jurisdiction for the reasons set forth in section III.B. of this opinion, granting the plaintiff's motion to amend would be futile. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101 (D.D.C. 2002) (noting that the "court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss") (*citing James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). Accordingly, the court denies the plaintiff's motion to file a second amended complaint.

---

[1] Although the court rests its ruling on the lack of subject-matter jurisdiction, it notes that the plaintiff's failure to file a timely response is itself a sufficient basis for dismissing this action. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (stating that, under Local Rule 7(b), the court has the discretion to treat any motion against which a response is not filed as conceded).

### IV.    CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss and denies the plaintiff's motion to amend.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of July 2007.

                                                       RICARDO M. URBINA
                                                   United States District Judge